UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

**MainCliff Properties LLC,**  Case No.: 09-21124-JCN

    Debtor  Chapter: 11

# MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES

TO THE HONORABLE JUDGE OF SAID COURT: MainCliff Properties LLC ("Debtor") hereby moves the Court for an Order, pursuant to 11 U.S.C. §§ 363 and Fed. R. Bankr. P. 2002 and 6004, approving the sale of real property located in Rochester, New York, free and clear of liens and encumbrances. In support of this Motion, Debtor respectfully represents as follows:

1. On April 3, 2009, Debtor commenced its reorganization case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Debtor is continuing in possession of its property and is operating and managing its business, as a debtor-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Debtor owns a six-unit apartment complex at 1596-1598 East Main Street, Rochester

New York, 14609. The Property is more particularly described in the Contract for Sale and Purchase dated April 17, 2009 between Debtor and Christian Kreilick ("Buyer"), a copy of which is attached hereto as Exhibit 1 (the "Agreement").

5. Prior to filing bankruptcy, Debtor determined that the Property was not necessary to its business and, accordingly, began actively marketing the Property for sale.

6. Since October 2, 2008, the Property has been marketed by Nick Glamack, a licensed real estate broker ("Broker"). Concurrent with this Motion, Debtor will move the Court to approve the broker agreement previously entered into by MainCliff Properties LLC.

7. On April 17, 2009, Debtor received an offer for the Property from Christian Kreilick and subsequently entered into the Agreement. The Agreement provides for a $50,000.00 purchase price which Debtor believes to be the fair market value of the Property. Buyer has paid a $1,000.00 deposit under the Agreement.

8. Debtor has received no other offers for the Property. Part of the difficulty in marketing the property has been the unavailability for commercial financing for a six-unit project of such low value; additionally, the utilities are very high. Thus, the only possible buyer was a cash buyer and it is unlikely that Seller could negotiate a price above $50,000.00 given the high utilities.

9. In the broker agreement, Debtor confirmed its agreement to pay a 6% sales commission to Broker ($3,000.00) from the proceeds of the sale of the Property. This fee will be split with the real estate broker representing the Buyer. Accordingly, if the sale of the Property is approved, Debtor intends to pay Broker its sales commission from the proceeds of the sale of the Property pursuant to the Order Approving Employment of Professional Person for Nick Glamack.

10. Debtor requests that this Court order the sale of the Property free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(f) with all liens and encumbrances not relating to the Property to attach to the net proceeds of the sale after payment of Broker's commission. To the best of Debtor's knowledge there are no prepetition liens or encumbrances on the Property other than the judgment lien asserted by Monroe Capital.

11. The sale of the Property to Purchaser is in the best interests of the estate. The purchase price and sale terms for the Property were negotiated in an arms-length transaction. Debtor believes that the purchase price reflects the fair market value of the Property. The Property had been actively marketed for sale for a 6-month period, during which time Debtor received no offers other than from Purchaser. Further, the sale to Purchaser will generate net proceeds to Debtor of approximately $45,000.00. In contrast, at present the Property is a low-income residential dwelling generating only $1,446.00 in rental income each month.

THEREFORE, Debtor respectfully requests the Court to enter an order:

(i) approving the sale of the Property to Purchaser for a purchase price of $50,000 on the terms and conditions of the Purchase Agreement attached hereto as Exhibit 1;

(ii) finding that Purchaser is a good-faith purchaser of the Property entitled to all the protections afforded by 11 U.S.C. § 363(m);

(iii) that Broker be paid a sales commission of $3,000.00 at the closing from the proceeds of the sale; and

(iv) approving the sale free and clear of all liens and encumbrances relating to the Property, with all other such liens and encumbrances to attach to the net proceeds of the sale remaining after payment of Broker's commission.

Respectfully Submitted,

/s/ Patrick J. Conklin
**PATRICK J. CONKLIN**
New York State Bar no. 4330361

**LAW OFFICE OF PATRICK J. CONKLIN**
Canandaigua Depot Building
20 Pleasant St., Ste. 103
Canandaigua, NY 14424
585-412-4260
585-394-5471 FAX


/s/ Charles Moster
**CHARLES MOSTER, ESQ.**
Texas State Bar No. 00797782
Pro Hoc Vice Attorney for Lawrence Frumusa Land Development LLC

**MOSTER & WYNNE, P.C.**
620 Congress Ave,
Third Floor, Suite 320
Austin, TX 78701
(512) 320-0601
(512) 320-0695 FAX